In the Matter of The Workmen's Compensation of Feliberto FRESQUEZ, Appellant,

v.

FARNSWORTH & CHAMBERS COMPANY, Inc., Appellee.

No. 5389.

United States Court of Appeals Tenth Circuit.

Nov. 2, 1956.

Edwin L. Felter, Santa Fe, N. M. (Joseph M. Montoya, Santa Fe, N. M., was with him on the brief), for appellant.

William W. Gilbert, Santa Fe, N. M. (Carl H. Gilbert and Gilbert, White & Gilbert, Santa Fe, N. M., were with him on the brief), for appellee.

A. H. McLeod, John B. Tittmann, and J. C. Ryan, Albuquerque, N. M., were on the brief as amici curiae.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

This is an action by Feliberto Fresquez against Farnsworth and Chambers Company to recover judgment for compensation under the Workmen's Compensation Act of New Mexico, 9 N.M.S.A. 1953, § 59–10–1 et seq. The action was instituted in the state court and was removed to the United States Court. The ground of removal was diversity of citizenship with the requisite amount in controversy. Plaintiff filed a motion to remand and defendant filed a motion to dismiss or for summary judgment. The court denied the motion to remand and entered judgment dismissing the action. Plaintiff appealed.

Error is predicated upon the denial of the motion to remand. The argument is that the United States Court was without jurisdiction to entertain an action arising under the Workmen's

Compensation Act of New Mexico, supra. Except where otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be seasonably removed to the district court of the United States for the district and division embracing the place at which the action is pending. 28 U.S.C.A. § 1441(a). Appellant is a resident and citizen of New Mexico. Appellee is a corporation organized and existing under the laws of Delaware. And inasmuch as past and future installments of compensation assertedly due and to become due under the compensation act exceed in the aggregate the sum of $3,000, the pecuniary sum requisite to federal jurisdiction is in controversy. Aetna Casualty & Surety Co. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024; Strickland v. W. Horace Williams Co., 5 Cir., 230 F.2d 793.

 Unlike the legislation in certain other states, the Workmen's Compensation Act of New Mexico does not create a commission, board, or other like agency to which a claim for benefits under such act may be submitted for administrative action. The remedy for the enforcement of rights under the act is an action in the district court of the state. No administrative action in any form is an essential prerequisite to the institution and maintenance of an action to recover judgment for the amount due a claimant under the act. Upon failure or refusal of an employer to pay any installment of compensation due, a claim may be filed in the office of the clerk of the district court. Upon the filing of the claim, it is docketed and a copy thereof together with a notice issued by the clerk is mailed to the employer, insurance carrier, guarantor, or sureties named in the claim. Issues are joined, discovery procedures may be invoked, interrogatories may be propounded, depositions may be taken, other evidence may be adduced, trial is before the court or jury, and judgment is entered. 9 N.M.S.A. 1953, § 59–10–13. When it is found that

the claimant is entitled to recover under the act, judgment is rendered against the employer, insurer, guarantor, and sureties, as the case may be. Such judgment is open to review on appeal. And execution may issue upon an unpaid judgment for the claimant. 9 N.M.S.A.1953, § 59–10–16. With no indication of indifference toward the principle that removal should be kept well within the boundaries of section 1441(a) supra, the general rule is firmly established that where diversity of citizenship with the requisite pecuniary sum in controversy exists, a transitory action upon a claim under a workmen's compensation act similar in substance to the Act of New Mexico may be instituted in the United States Court, or may be removed to such court if instituted in the state court. Texas Pipe Line Co. v. Ware, 8 Cir., 15 F.2d 171, certiorari denied, 273 U.S. 742, 47 S. Ct. 335, 71 L.Ed. 869; United Dredging Co. v. Lindberg, 5 Cir., 18 F.2d 453, certiorari denied, 274 U.S. 759, 47 S.Ct. 769, 71 L.Ed. 1337; Franzen v. E. I. Du Pont De Nemours & Co., 3 Cir., 146 F.2d 837; Flowers v. Aetna Casualty & Surety Co., 6 Cir., 163 F.2d 411; McLaughlin v. Western Union Telegraph Co., D.C., 7 F. 2d 177; Stepp v. Employers' Liability Assurance Corp., D.C., 30 F.Supp. 558; Barrett v. Consolidated Coal Co., D.C., 65 F.Supp. 291. Removability was denied in certain cases. Elsas v. Montgomery Elevator Co., D.C., 38 F.2d 303; Snook v. Industrial Commission of Illinois, D.C., 9 F.Supp. 26; Decker v. Spicer Manufacturing Division of Dana Corp., D.C., 101 F.Supp. 207. But in each of those cases, the workmen's compensation act provided for administrative action and limited judicial review in the state court. No comparable provisions are to be found in the Act of New Mexico.

 Appellant does not quarrel with the general rule of removability of actions arising under workmen's compensation acts to which reference has been made. Instead, he urges that this case falls outside of such general rule. The tenor of the argument is that the

Act of New Mexico accords to an injured workman certain substantive rights in the state court which cannot be preserved unto him in the federal court; that upon removal, he is denied such rights; and that therefore an action arising under the act is not removable. A state cannot create by statute a transitory right of action and at the same time destroy or effectively limit the enforcement of such right in any court having jurisdiction of the subject matter and of the parties. Dennick v. Central Railroad Co., 103 U.S. 11, 18, 26 L.Ed. 439; Atchison, Topeka & Santa Fe Railway Co. v. Sowers, 213 U.S. 55, 66, 29 S.Ct. 397, 53 L.Ed. 695; Tennessee Coal, Iron & Railroad Co. v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997; Texas Pipe Line Co. v. Ware, supra. But where a statute creates a right and provides a remedy for its enforcement in a certain tribunal, and the two are inseparably blended and united, the right can be enforced only in the specified tribunal. Pollard v. Bailey, 20 Wall. 520, 22 L.Ed. 376; Tennessee Coal, Iron & Railroad Co. v. George, supra.

■ Taking up the rights which appellant argues cannot be preserved unto an injured workman on removal to the federal court, under the terms of the act the claim may in certain circumstances be filed in the office of the clerk of the district court of the county in which the injury occurred or in which the claimant resides; and in certain circumstances, it may be filed in the office of the clerk of the district court of the county in which the injury occurred, of the county in which the claimant resides, or of the county in which the employer resides, as the claimant may elect. 9 N.M.S.A.1953, § 59–10–15, as amended by chapter 257, section 1, Laws of 1955. But a procedural provision of that kind relating to venue does not render a proceeding arising under the act nonremovable. Ellis v. Associated Industries Insurance Corp., 5 Cir., 24 F.2d 809, certiorari denied, 278 U.S. 649, 49 S.Ct. 17, 73 L.Ed. 1011; Johnson v. United States Fidelity & Guaranty Co., D.C., 126 F.Supp. 84. The act also provides that trial of a case brought under its terms shall be expedited and the trial conducted in a summary manner as far as possible, and that the claimant shall be immune from certain fees and costs in the trial court and on appeal. 9 N.M. S.A.1953, §§ 59–10–13, 59–10–16. While these benefits are substantial, a proceeding in the state court for compensation under the act has all of the elements of a transitory judicial proceeding and is a civil action within the purview of the removal statute, supra. Commissioners of Road Improvement Dist., etc., v. St. Louis Southwestern Railway Co., 257 U. S. 547, 42 S.Ct. 250, 66 L.Ed. 364, Texas Pipe Line Co. v. Ware, supra. And while the act creates a transitory right and provides the remedy for its enforcement, the two are not inseparably blended or united in a manner which defeats removability.

■ Appellant advances the further contention that appellee waived any right it may have had to remove the cause from the state court. The act provides that any employer of four or more persons subject to its provisions shall be conclusively presumed to have accepted the provisions of such act unless he has filed or files in the manner specified a written election not to accept such provisions. 9 N.M.S.A. § 59–10–4. The argument in support of the contention is that by failing to file an election not to accept the provisions of the act, appellee effectively accepted the provision fixing venue of actions in the state court for recovery of benefits and therefore waived any right to remove the cause to the federal court. But a state has no power through direct or indirect means to withhold, condition, or restrict the unfettered exercise of the right of removal under section 1441(a), supra. Harrison v. St. Louis & San Francisco Railroad Co., 232 U.S. 318, 34 S.Ct. 333, 58 L.Ed. 621; Terral v. Burke Construction Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352; Stewart v. Ferer, 10 Cir., 163 F.2d 183.

The remaining contention urged for reversal of the judgment is that if the cause was removable, the court erred in dismissing it. The act, supra, provides that a claim for compensation under its provisions shall be filed in the office of the clerk of the district court not later than one year after failure or refusal to pay an installment or installments of compensation. 9 N.M.S.A. § 59–10–13. And it is provided by a general statute relating to limitations that where, after commencement of an action, plaintiff fails therein for any cause except negligence in its prosecution, a second suit instituted within six months after such failure shall for the purposes of limitation be deemed a continuation of the first. Appellant's alleged injury occurred on August 8, 1952. On September 12, 1952, he filed in the office of the clerk of the district court his complaint in which judgment was sought for total and permanent disability. Judgment was entered for appellant. On appeal, the judgment was reversed and the cause was remanded with directions to dismiss the action on the sole ground that it was prematurely filed. Fresquez v. Farnsworth & Chambers Co., 60 N.M. 384, 291 P.2d 1102. On January 26, 1956, judgment was entered in the district court dismissing the action pursuant to the mandate. On January 31, 1956, appellant filed in the office of the clerk of the district court his claim in this cause. The claim set forth substantially the same facts and allegations as those contained in the former action; and in addition it alleged that the former cause failed because it was held on appeal that the action was prematurely filed. It is apparent that the claim was filed in this cause more than one year after the refusal to pay compensation assertedly due, and in a recent case indistinguishable from this one it was held that where the first proceeding for the recovery of compensation is dismissed for being prematurely filed and the second one is filed more than a year after failure or refusal to make payment of compensation when due, the later action is barred. Swallows v. City of Albuquerque, 61 N.M. 265, 298 P.2d 945. That case is apposite; and in harmony with its controlling determination of local law, it must be held that this action was barred and therefore was providently dismissed.

The judgment is affirmed.