370 P.2d 502

Deborah **SHILLINGLAW**, Claimant,
Plaintiff-Appellee,

v.

**OWEN SHILLINGLAW FUEL COMPANY,**
Inc., Employer, and American Employers
Insurance Company, Insurer, Defendants-
Appellants.

No. 6900.

Supreme Court of New Mexico.

April 4, 1962.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellants.

Lorenzo A. Chavez, Arturo G. Ortega and Melvin L. Robins, Albuquerque, for appellee.

MOISE, Justice.

This is a workmen's compensation case in which the trial court concluded that Owen Shillinglaw sustained an accidental injury in the course of his employment and from which he died, and that at the time of the injury he was an employee of Owen Shillinglaw Fuel Company, Inc.; that the claimant, Deborah, is his widow and sole dependent and as such entitled to the benefits of the Workmen's Compensation Act. A judgment was entered in accordance with these conclusions against the Owen Shillinglaw Fuel Company, Inc., the employer, and against the American Employers Insurance Company, its insurer. This appeal followed.

The facts out of which the controversy arose are briefly these. Prior to October 28, 1954, Owen Shillinglaw was the sole owner and operator of Owen Shillinglaw Fuel Company, a business engaged in selling fuels, appliances, paints, hardware, livestock feed, minerals and concentrates. On that date the business was incorporated, pursuant to an agreement theretofore entered into between Owen Shillinglaw and William and Gertrude N. Shillinglaw, his father and mother, one of the express purposes of which was to maintain in Owen Shillinglaw an 80% control of the business. When Owen Shillinglaw died the capital stock was held 150 shares by Owen Shillinglaw, 100 shares by William Shillinglaw, 100 shares by his wife, Deborah Shillinglaw, and 650 shares jointly by Owen and William Shillinglaw. Management decisions were made after Owen and William conferred, the two of them sharing in the management of the business. William Shillinglaw managed the coal and wood yard branch of the business; hired, fired and supervised the men working in the yard.

Owen performed such duties as going out on service calls with other employees, selling and clerking in the store, selling over the telephone, taking inventory, collecting accounts, assisting in the making of estimates on heating installations, supervising employees in the store and on service calls. He was President of the corporation, and by virtue thereof it was provided in the by-

laws he should be general manager of the business.

Owen Shillinglaw was seriously crippled with arthritis, and was blind except that he could distinguish between light and dark. Although his hours were not fixed, he was at the place of business full time, except that he might leave the place of business at will. His compensation, in the nature of drawings, was fixed after consultation between himself, William, and the company auditor. At the time of his death the amount fixed as his salary was $6,000.00 per year. He drew at this rate either monthly or semi-monthly ordinarily, although there was nothing to prevent his drawing more, and when he did so shortly prior to his death, the overdraft was considered a debt to the company. From the amounts paid him the corporation withheld for the payment of income taxes and social security benefits and he was included as an employee in the returns made to the State of New Mexico for unemployment compensation benefits.

On September 13, 1958, a display was being prepared to be sent to Albuquerque in connection with a sales meeting and school to be held there. Owen had participated in the preparation of the same, and had contributed to the design. On this date, in the afternoon, Owen went with one Reece Wilkinson, company engineer, to rent a trailer to be used in hauling the display to Albuquerque. He arranged for the renting of the trailer and then returned to the office of the Owen Shillinglaw Fuel Company, Inc., to pick up the display. Mr. Wilkinson backed the trailer to a side door, got out and went into the building. As Owen started to the door he stepped on a block and fell backward, striking the trailer bumper when he fell. He died thirteen days later as a result of the injuries sustained.

The first question raised by the appeal is whether or not Owen Shillinglaw, by virtue of his stock ownership, presidency and membership on the Board of Directors of defendant corporation was an employee entitled to the benefits and protection of the Workmen's Compensation Act

Appellants strenuously urge that he should be classified as an employer and not as an employee, and that the Act was not intended to include executives of corporations performing executive duties. That this has been held under certain circumstances and the peculiar facts present in particular cases cannot be denied. Korovilas v. Bon Ton Renovating Co. Inc., 219 Minn. 294, 17 N.W.2d 502; Ben-Jay Food Distributors Inc. v. Worshaw (Fla.), 70 So.2d 564; Leigh Aitchison Inc. v. Industrial Commission, 188 Wis. 218, 205 N.W. 806, 44 A.L.R. 1213; Hodges v. Home Mortgage Co., 201 N.C. 701, 161 S.E. 220. However, that under somewhat different facts and circumstances, a cor-

porate officer may nevertheless be considered an employee under the Workmen's Compensation Act, particularly when he is injured while performing a duty which was ordinarily done by employees, has been decided in cases from these same jurisdictions, as well as from many others. Delaney v. Dan Delaney Inc., 227 Minn. 572, 36 N.W. 2d 12; Claude H. Wolfe Inc. v. Wolfe, 154 Fla. 633, 18 So.2d 535; Fruit Boat Market v. Industrial Commission, 264 Wis. 304, 58 N.W.2d 689; Hirsch v. Hirsch Bros., 97 N.H. 480, 92 A.2d 402; Mahoney v. Nitroform Company, 20 N.J. 499, 120 A.2d 454; Stevens v. Industrial Commission, 346 Ill. 495, 179 N.E. 102, 81 A.L.R. 638. Also see cases set forth in the note in 81 A.L.R. commencing on page 644. From an examination of these and many other cases it would seem manifestly clear that although the decisions turn on the particular facts in each case, if the claimant was not in fact sole owner of the corporation, and was performing nonexecutive work ordinarily performed by employees, he is generally held to be an employee covered by the act, notwithstanding the corporate office held by him. 1 Larson, Workmen's Compensation Law, § 54.21.

Clearly, in arriving at a correct conclusion the language of the Workmen's Compensation Act and the legislative intent as expressed in the enactment must be taken into account. Differences in language used by the several state legislatures may very well result in diversity of interpretation.

Our act provides in § 59–10–13, N.M.S.A. 1953, that the compensation provided for therein "shall be paid by the employer to any injured workman entitled thereto * * *." and in the event of death of the "workman" payment shall be made to beneficiaries entitled thereto. § 59–10–17, N.M. S.A.1953.

"Employer" and "workman" are defined in § 59–10–12(h) and (i), N.M.S.A.1953, as follows:

" 'Employer' includes any person, or body of persons, corporate or incorporate and the legal representative of a deceased employer or the receiver or trustee of a person, corporation, association or partnership engaged in or carrying on for the purpose of business, or trade or gain any of the occupations or pursuits to which this act [59–10–1 to 59–10–37] is applicable, and also includes the state and each county, city, town, school district, drainage, irrigation or conservancy district and public institution and administrative board thereof employing workmen under the terms of this act, although not engaged in carrying on for the purpose of business, trade or gain any of such occupations or pursuits.

" 'Workman' means any person who has entered into the employment of or

works under contract of service or apprenticeship, with an employer, except a person whose employment is purely casual and not for the purpose of the employer's trade or business. The term 'workman' shall include 'employee' and shall include the singular and plural of both sex."

From an examination of the quoted language can we say that under the facts of this case deceased was an "employer" and not a "workman" or "employee" or that the legislature intended such a conclusion?

■ As has been ofttimes stated by this court, the Workmen's Compensation Act is to be given a liberal construction in favor of claimants. Mann v. Board of County Commissioners of Bernalillo County, 58 N. M. 626, 274 P.2d 145; Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342.

Our definitions quoted above are for all practical purposes the same as those being construed in Lichty v. Lichty Const. Co., 69 Wyo. 411, 243 P.2d 151, and although there the court found a guide in its interpretation of the definitions and the legislative intent in an amendment to the Act passed after the case under consideration had arisen, it was concluded that the defendant corporation was an "employer" and the deceased president, director and owner of 447 shares of capital stock out of a total of 586, was an employee when injured, and accordingly compensation was payable.

We find nothing in our Workmen's Compensation Act indicative of an intention to exclude from its benefits anyone who is in fact performing duties of a "workman." That Owen Shillinglaw was in the employment of the corporation is to our minds beyond cavil. This is true notwithstanding his large stock ownership and his offices of president and director. He was the general manager, performed all kinds of duties ordinarily performed by employees, including those he was engaged in when injured; he was paid a salary; and although he was the principal executive engaged in carrying forward the purposes of the corporation, he was subject to the policies as laid down by the directors, of which he was only one.

■ A corporation and a stockholder are separate entities. This is true even though the stockholder may own practically all the stock in the corporation. State Trust & Savings Bank v. Hermosa Land & Cattle Co., 30 N.M. 566, 240 P. 469; London v. Bruskas, 64 N.M. 73, 324 P.2d 424. Compare Adam Black & Sons v. Court of Common Pleas, Hudson County, 8 N.J.Misc. 442, 150 A. 672.

Appellants would have us pierce the corporate veil to arrive at a conclusion that Owen Shillinglaw was the employer and not an employee. We can conceive of no reason why we should do so. The corporate form of business entity was recognized in our law even before the adoption of our

Constitution. See Art. XI, §§ 12 and 13, New Mexico Constitution. Persons engaged in business adopt the corporate form of operation because of acknowledged, legitimate advantages that flow therefrom. One of these advantages lies in the recognition accorded to corporations as entities in and of themselves. True, under certain circumstances the courts have looked behind the corporate facade to the individual or individuals who own the corporation. However, as pointed out in State Trust & Savings Bank v. Hermosa Land & Cattle Co., supra, this is done where the corporation was set up for fraudulent purposes, or where to recognize the corporation would result in inequity. This is not such a case. Compare Goldmann v. Johanna Farms, 26 N.J.Super. 550, 98 A.2d 142; Mine Service Co. v. Green (Ky.), 265 S.W.2d 944.

We perceive a vast difference between the situation here present and the one passed upon in Jernigan v. Clark and Day Exploration Company, 65 N.M. 355, 337 P.2d 614. We there held that under our Workmen's Compensation Act a working partner could not come within the definition of "workman" but, on the contrary, he occupied the status of an employer. This conclusion is in accord with the decisions from all jurisdictions in this country except two. 1 Larson, Workmen's Compensation Law, § 54.30. However, that the rule is otherwise under factual situations such as we are here considering is equally clear.

1 Larson, Workmen's Compensation Law, § 54.21.

Also, we are convinced that the cases of Burruss v. B. M. C. Logging Co., 38 N.M. 254, 31 P.2d 263; Bland v. Greenfield Gin Co., 48 N.M. 166, 146 P.2d 878; Nelson v. Eidal Trailer Co., 58 N.M. 314, 270 P.2d 720; and Bailey v. Farr, 66 N.M. 162, 344 P.2d 173, all involving discussions of whether a claimant was an "employee" or "independent contractor" are of no assistance to appellants here.

The same is true of Mendoza v. Gallup Southwestern Coal Co., 41 N.M. 161, 66 P.2d 426, and Safeway Stores Incorporated v. Wilcox (CCA 10), 220 F.2d 661, cited by appellants, and in which are discussed certain tests to determine when an employer-employee relationship exists, in situations in no way comparable to that here being considered. Eaton v. Bernalillo County, 46 N.M. 318, 128 P.2d 738, 142 A.L.R. 647, and Seward v. County of Bernalillo, 61 N.M. 52, 53, 294 P.2d 625, also cited by appellants are two cases where claimants were held not to be employees and so not covered by the Act. The cases are easily distinguishable in their facts and we find nothing said in either of them which in any way conflicts with our conclusions here expressed.

Appellants argue that even if Owen Shillinglaw could be held to be an "em-

ployee" and covered by the act, such holding could only be made if at the time of the injury he was acting in a capacity as a "workman." It should be sufficient answer to appellants to point out that in our view, the findings of the trial court to the effect that "Owen Shillinglaw sustained an injury suffered in an accident arising out of and in the scope of his employment while working as manager for the defendant corporate employer" and that he died as a result thereof are amply supported by substantial evidence. We have examined many cases with differing fact situations which give support to this conclusion. However, Hirsch v. Hirsch Bros. Inc., supra, is very similar on its facts. See also Lichty v. Lichty Const. Co., supra; Goldmann v. Johanna Farms, supra; Mahoney v. Nitroform Company, supra.

We are convinced that Owen Shillinglaw was an employee of Owen Shillinglaw Fuel Co., Inc., and that he died as a result of an accidental injury received in the course of such employment. The burden of proof as required under Campbell v. Schwers-Campbell, 59 N.M. 385, 285 P.2d 497 and Teal v. Potash Company of America, 60 N.M. 409, 292 P.2d 99, has been amply met on all material issues.

What we have said disposes of the basic questions involved in this appeal. In the light of the conclusions reached it is unnecessary for us to consider the complaint of appellee raised under Supreme Court Rule 17(2) that the court was in error in refusing to permit proof of certain workmen's compensation insurance policies and the audits made in connection therewith as admissions against interest by the insurance carrier with reference to the status of Owen Shillinglaw as a "workman" under the Act.

There remains, however, a point on appeal argued by appellants concerning the amount allowed by the court as attorney fees for appellee's attorneys. The trial court found that appellee was entitled to a reasonable award to pay her attorneys and that "in view of the nature of the case, a matter of first instance, the work done and the results accomplished, a fee of Three Thousand Dollars is reasonable." Appellants complain that the allowance of this amount constitutes an abuse of discretion. Further, it is argued there is no evidence in the record to support the amount allowed. Feldhut v. Latham, 60 N.M. 87, 287 P.2d 615, where a $2,000.00 fee was reduced to $1,800.00; Seal v. Blackburn Tank Truck Service, 64 N.M. 282, 327 P.2d 797, where a $2,500.00 fee allowed by the trial court was reduced to $1,750.00; and Hamilton v. Doty, 65 N.M. 270, 335 P.2d 1067, where a $3,000.00 fee was reduced to $2,000.00, are cited by appellants as support for their position. Appellants compare the time spent in trial and the amount of recovery allowed in those cases with the considerations in the instant case. They also cite cases where

fees as fixed by the lower court were increased in this court, Dickerson v. Farmer's Electric Corp. Inc., 67 N.M. 23, 350 P.2d 1037; Wright v. Schultz, 55 N.M. 261, 231 P.2d 937; or the amount fixed below was here approved, Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572; Garcia v. J. C. Penney Co., 52 N.M. 410, 200 P.2d 372; Hathaway v. New Mexico State Police, 57 N.M. 747, 263 P.2d 690. We think that a complete answer to appellants' contention is contained in the following language which we quote from Garcia v. J. C. Penney Co., supra:

"There are many considerations entering into the fixing of attorney fees. Usually, the ability, standing, skill, the amount in controversy, its importance, and the benefits derived, go to the matter of determining fees. Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572; Anderson ·v. Contract Trucking Co., 48 N.M. 158, 146 P.2d 873. See also In re Dehner's Estate, 230 Iowa 490, 298 N.W. 656, 143 A.L.R. 672 where cases relating to allowance of fees are assembled. The court has the superior knowledge of the matter at hand, and its award, though not supported by direct evidence, will not be disturbed upon review unless it plainly appears from the record that there had been an abuse of discretion. 5A C.J.S. Appeal and Error § 1584; Horvath v. Vasvary, 246 Mich. 231, 224 N.W. 365; Anderson v. Contract Trucking Co., supra."

That case involved an award of a $2,000.00 attorney fee for obtaining a judgment for $22.00 per week for not to exceed 550 weeks for total permanent disability and was decided in 1948. Here the award is for materially more, and was tried some twelve years later, when the cost of living is much higher, and the value of the dollar much lower than in 1948. We cannot say that the trial court exceeded "the bounds of reason, all the circumstances before it being considered." This is the test announced by this court for determining when there has been an abuse of discretion. Independent Steel & Wire Co. v. New Mexico Cent. R. Co., 25 N.M. 160, 178 P. 842; Wright v. Atchison, Topeka and Santa Fe Railway Co., 64 N.M. 29, 323 P.2d 286.

Appellee's counsel have requested an allowance of an attorney fee for appearing in this court. The sum of $750.00 is fixed as the amount to be paid therefor.

The judgment appealed from is affirmed, together with an award of $750.00 to appellee on account of attorney fees on behalf of her attorneys for services in this court. It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and NOBLE, J., not participating.