447 P.2d 504

STATE of New Mexico, ex rel. Estalano SANCHEZ, Petitioner,

v.

Honorable George L. REESE, Jr., Honorable Caswell S. Neal, Honorable Kermit Nash, District Judges, Fifth Judicial District, State of New Mexico, Respondents.

No. 8733.

Supreme Court of New Mexico.

Dec. 2, 1968.

Lorenzo A. Chavez, Charles D. Harris, Albuquerque, for petitioner.

Boston E. Witt, Atty. Gen., Larry N. Smith, Asst. Atty. Gen., Santa Fe, for respondents.

OPINION

MOISE, Justice.

We have heretofore issued our alternative writ of mandamus directing the respondent to withdraw an instruction previously given the clerk of the court presided over by him and to enter an order directing that petitioner's workmen's compensation claim be filed without payment of a fee of $3.50. The respondent, having answered, and the case having been fully briefed and argued, it is now ripe for decision.

The question involved is simply whether the fee of $3.50 levied by ch. 20, N.M.S.L. 1964 (1st S.S.) (2 N.M.S.A.1953, Appendix 2.2) must be collected from those filing workmen's compensation claims under our Workmen's Compensation Act (§§ 59–10–1 to 59–10–37, N.M.S.A.1953).

Petitioner's position that the fee is not to be collected is based on the provisions of § 59–10–13.10, subd. B, which, insofar as material, reads:

"No costs shall be charged, taxed or collected by the clerk except fees for witnesses who testify under subpoena. * * *"

The provision for the fee in ch. 20, N.M.S.L.1964 (1st S.S.) is found in Section 2, and reads:

"There is hereby levied a fee of three dollars and fifty cents ($3.50) upon each civil action filed in the office of the clerk of the various district courts of the state of New Mexico, except appeals from justice of the peace courts, which fee shall be paid to the clerk at the time of the filing of such action by the party so filing the same and which fee shall be in addition to the docketing fee now imposed by Section 16–3–53 New Mexico Statutes Annotated, 1953 Compilation, and in addition to the compilation fund fee imposed by section 1–1–8 New Mexico Statutes Annotated, 1953 Compilation, * * *."

Accordingly, we first consider whether the term "civil action," as understood by the legislature and employed in the above statute, includes claims to recover workmen's compensation benefits. In this connection, we note that ch. 67, § 11, N.M.S.L. 1959 (§ 59–10–13.7, N.M.S.A.1953) says that when filed in the district court such claim "shall be *in the nature of* a civil complaint." (Emphasis supplied.) Without taking particular note of § 59–10–13.7, supra, in Holman v. Oriental Refinery, 75 N.M. 52, 54–55, 400 P.2d 471 (1965), we had the following to say:

"That workmen's compensation statutes are sui generis, and that the rules of procedure in civil actions are not applicable except as specifically provided therein, has been long recognized by us. Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000; Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044. Also, as was noted in Guthrie v. Threlkeld Co., 52 N.M. 93, 192 P.2d 307, 'special statutory * * * proceedings where existing rules are inconsistent * * *' are specifically excepted from the operation of our rules of civil procedure. (§ 21–1–1(1), N.M.S.A.1953). In Armijo v. United States Casualty Company, 67 N.M. 470, 357 P.2d 57, we held the summary judg-

ment procedure of our rules inapplicable. Prior to amendment of our workmen's compensation statute in 1959 (§ 59–10–13.9, N.M.S.A.1953) there was no provision in the workmen's compensation law for application of any of the rules of civil procedure. Since the effective date of § 59–10–13.9, supra, a different situation exists. Now the rules of civil procedure apply ' * * * except where provisions of the Workmen's Compensation Act directly conflict with these rules * * *.' "

Respondent has directed our attention to Fresquez v. Farnsworth & Chambers Co., 238 F.2d 709, 60 A.L.R.2d 1255 (10th Cir. 1956), and Valencia v. Stearns Roger Mfg. Co., 124 F.Supp. 670 (D.C.N.M.1954), both of which held that proceedings under our Workmen's Compensation Act were "civil actions" within the meaning of the federal removal statute, 28 U.S.C.A. § 1441(a). In neither case was any note taken of any of the authorities set forth in the quotation from Holman v. Oriental Refinery, supra. Even though the proceedings may be considered to be civil under the federal removal statute, it does not follow that such is the nature of the proceedings when being considered in our courts and, as stated, we have held that it is not.

We also note State ex rel. Pacific Employers Ins. Co. v. Arledge, 54 N.M. 267, 221 P.2d 562 (1950), wherein we held an action brought under our Workmen's Compensation Law to be a "proceeding" within the terms of § 21–5–8, N.M.S.A.1953, providing for disqualification of judges in "any action or proceeding, civil or criminal."

We perceive it to be our duty to interpret the statute so as to mean what the legislature intended it to mean, and to accomplish the ends sought to be accomplished by it. C. de Baca v. Baca, 73 N.M. 387, 388 P.2d 392 (1964). Considering all the cases discussed above, we are impressed that the legislature, in passing ch. 20, N.M. S.L.1964 (1st S.S.), could not have been misled, and in the light of the decisions of

this court did not intend or consider that the fee there adopted be applied to workmen's compensation cases.

 Although in the nature of civil complaints, our workmen's compensation cases are not civil actions but, rather, are sui generis. As noted in Holman v. Oriental Refinery, supra, in 1959 the rules of civil procedure were specifically made applicable to workmen's compensation cases except where there is a conflict between the rules and the provisions of the act (§ 59-10-13.9, N.M.S.A.1953). However, this did not work a change in the nature of the proceedings.

What we have said, in and of itself, would be enough to supply the answer to our problem to the effect that the claims filed in court for workmen's compensation are not civil actions and accordingly the fee levied upon each civil action filed by ch. 20, § 2, N.M.S.L.1964 (1st S.S.), supra, need not be paid at the time of filing the action by the party filing it.

Nevertheless, we would also make mention of the fact that the fee is "in addition to the docketing fee now imposed by section 16-3-53 New Mexico Statutes Annotated, 1953 Compilation, and in addition to the compilation fund fee imposed by section 1-1-8 New Mexico Statutes Annotated, 1953 Compilation." We have been given to understand that neither the docket fee nor the compilation fund fee is collected when workmen's compensation cases are filed. If this is correct and the docket and compilation fund fees are not collected, there can be no fee collected "in addition" thereto.

We find that in State ex rel. Ellis v. State Road Commission, 100 W.Va. 531, 131 S.E. 7, 10 (1925), "in addition to" was held to be the equivalent of "also," "likewise," and "besides." In Gray v. Tarbox, 14 Wash.2d 237, 127 P.2d 669, 670 (1942), "in addition to" and "together with" are held to be synonymous. To the same effect is Truax v. Capitol Life Ins. Co., 166 Okl. 153, 26 P.2d 755 (1933).

We conclude that by making the Supreme Court Addition Fund fee collectible "in addition" to other fees it is made certain that the legislature did not intend for it to be collected where the other fees were not. This merely strengthens and solidifies the conclusion otherwise reached concerning legislative intent.

 Neither are repeals by implication looked upon with favor. State ex rel. State Park and Recreation Comm. v. New Mexico State Authority, 76 N.M. 1, 411 P.2d 984 (1966). To hold the fee collectible as urged by respondent would result in partial repeal or amendment of § 59-10-13.10, subd. B, supra. If it was the purpose of the legislature to accomplish such a result it certainly could have done so directly and not by leaving it to interpretation.

 We have not overlooked Attorney General Opinions, No. 1299, dated February 10, 1936, and No. 3266, dated September 1, 1939, in both of which it was held that the $2.50 Capitol Addition fee levied under ch. 14, § 4, N.M.S.L.1934 (S.S.), was not part of the costs in a workmen's compensation case and, accordingly, was to be collected. The fee there being considered was identical for all practical purposes to the one involved in the case now before us. The attorney general did not in either opinion support his conclusion with authority but we assume that the various clerks collected the fee in accordance with the advice given. (However, see Attorney General Opinion No. 1458, dated October 30, 1936, which makes no mention of the Building Fund fee.) We are now given to understand that the instant fee is generally not being collected, except in the Fifth Judicial District. Whether or not it is, cannot influence the answer to the question here presented. We see no reason to conclude differently than as stated above as to the meaning of the language and the intent of the legislature.

For the reasons stated we must conclude that the collection of the fee here objected to by petitioner is without authority of law,

and that the writ heretofore issued should be made permanent.

It Is So Ordered.

CHAVEZ, C. J., and NOBLE, COMPTON and CARMODY, JJ., concur.