490 P.2d 1234

Dan PLATERO, Plaintiff-Appellant,

v.

T. Max JONES, and a Certain Portion of Land located at 5½ of 5½ Section 34, Township 13 North, Range 12 West in Bluewater Community, and All Other Persons Unknown Claiming any Right, Title or Easement in the property affected by this action, Defendant-Appellee.

No. 712.

Court of Appeals of New Mexico.

Nov. 5, 1971.

James Wechsler, Paul L. Biderman, Crownpoint, for appellant.

W. P. Kearns, Jr., Grants, for appellee.

OPINION

WOOD, Chief Judge.

Plaintiff claimed that a garbage dump located on land allegedly owned by defendant constituted a nuisance. He asserted he had been damaged by this alleged nuisance and that it should be enjoined. From an adverse judgment, plaintiff appeals. The appeal attacks certain findings of the trial court. Two legal rules, applicable to the findings, dispose of the appeal. Accordingly, we do not reach any substantive question concerning the law of nuisance.

The essence of the attack on the findings is that the testimony which supports the findings is not credible. Plaintiff would have us substitute our judgment for that of the trial court, both as to the credibility of the witnesses and the weight to be accorded the evidence. This contention is contrary to an established applicable rule. That rule is that the reviewing court does not pass upon the weight of the evidence or upon the credibility of the witnesses; rather, it views the evidence in its most favorable light in support of the trial court's findings. Rutledge v. Johnson, 81 N.M. 217, 465 P.2d 274 (1970); Samora v. Bradford, 81 N.M. 205, 465 P.2d 88 (Ct. App.1970). There being evidence to support the findings, the attack made on the findings fails.

Two of the challenged findings expressly deal with plaintiff's right to the relief sought at trial. The trial court found plaintiff " * * * failed to show any causal relationship between the existence of the garbage dump and the death of his livestock." This finding disposes of the damage claim based on the dead livestock. The trial court also found: "That the plaintiff failed to show that he owns Indian Allotment No. 1113, or that he is now entitled to the use of any part of it." This finding disposes of the damage claim based on cleaning up the garbage refuse which had been washed or blown onto the allotment from the dump. This finding also disposes of the claim for an injunction

since that claim was based on plaintiff's alleged interest in the Indian Allotment. Plaintiff specifically requested both of these findings. Plaintiff will not be permitted to complain on appeal because the trial court made the findings that he requested. Cochran v. Gordon, 77 N.M. 358, 423 P.2d 43 (1967).

, Affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.

SUTIN, J., not participating.