524 P.2d 991

Barbara Lou **LIVINGSTON**, Individually, and as parent and natural guardian of Richard Scott Livingston, a minor, Plaintiff-Appellee,

v.

**LOFFLAND BROTHERS CO.**, Employer, and the Travelers Insurance Company, Insurer, Defendants-Appellants.

No. 1154.

Court of Appeals of New Mexico.

June 5, 1974.

Certiorari Denied July 12, 1974.

Hernandez, J., filed an opinion concurring in part with Hendley, J., and concurring in part with Sutin, J.

Sutin, J., filed a dissenting opinion.

Fred E. White, Byron Caton, White & Caton, Farmington, for defendants-appellants.

Thomas J. Hynes, Farmington, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendants were ordered to pay to plaintiff, the surviving spouse of the deceased workman, compensation benefits in a lump sum equal to the present value of all future payments of compensation, less five percent discount compounded annually, together with $1,500.00 as an attorney fee. Defendants appeal asserting four points for reversal: (1) unconstitutionality of lump sum award statute; (2) lack of substantial evidence; (3) premature filing; and, (4) no provision for attorney fees. Affirmed.

The facts are as follows: The deceased husband of plaintiff was employed by Loffland Brothers. During the course of his employment he suffered an injury in an accident arising out of his employment which resulted in death. Deceased's earnings at the time of the accident were in excess of $211.20 per week entitling him to compensation at the rate of $57.00 per week, not to exceed five hundred weeks. Plaintiff is the mother of a minor child of deceased.

On June 29, 1972 the parties entered into a settlement stipulation entitling plaintiff to $57.00 per week for five hundred weeks. This settlement was approved by the trial court on September 8, 1972 and plaintiff was awarded attorney fees. On the same date plaintiff filed a Motion for Payment of Compensation in a Lump Sum pursuant to § 59–10–13.5(B), N.M.S.A.1953 (Repl.

Vol. 1960, pt. 1, Supp.1971). That subsection states:

> "B. Whenever the court determines in cases of total permanent disability or death that it is for the best interests of the parties entitled to compensation, and after due notice to all parties in interest of a hearing, the liability of the employer for compensation may be discharged by the payment of a lump sum equal to the present value of all future payments of compensation computed at five per cent [5%] discount, compounded annually."

A hearing was held on plaintiff's motion and the following facts were developed. Plaintiff receives Social Security benefits of $483.00 per month for herself and her four year old son; that she and her son are presently living with her father, mother and brother in a three bedroom house; that she has attempted to rent an apartment but the rental was either too high or landlords will not "rent with a child"; that she had located land to purchase and with utilities it would cost approximately $2,700.00; that her father would install most of the utilities; that she had looked at trailers to put on the land and the one which would meet her needs costs "about eight thousand dollars"; that she had checked with local savings and loan companies and she would invest the balance of approximately $10,000.00 in certificates of deposit at six percent interest; that this balance would not be used until it was needed for the child; that with the land and trailer house, she could manage on the Social Security check; that she had managed the family finances during her seven years of marriage to decedent; that plaintiff's earlier request for a lump sum settlement was declined by defendants.

The trial court after hearing the testimony found that plaintiff and her son "could better utilize the money" if it were paid in a lump sum rather than weekly payments and concluded it was in the "best interests of the parties entitled to compensation." Plaintiff was award $1,500.00 as an attorney fee.

*Constitutionality of Statute*

Defendants assert:

"THE STATUTE AWARDING LUMP SUM PAYMENT TO THE EMPLOYEE IS AN UNCONSTITUTIONAL DELEGATION OF AUTHORITY BY THE LEGISLATURE AND DEPRIVES THE EMPLOYER OF HIS RIGHT TO DUE PROCESS OF LAW."

We disagree.

Both plaintiff and defendants proceed on the assumption that authority or lack of authority for lump sum settlements is derived from § 59–10–13.5(B), supra. Such is not the case.

Section 59–10–25(B), N.M.S.A.1953 (Repl. Vol. 1960, pt. 1 Supp.1971), which is in the same language as when enacted by the Laws of 1929, ch. 113, § 24, states as follows:

> "B. The district court in which the right to compensation is enforceable at all times has the right and power to authorize, direct or approve any settlement or compromise of any claim for compensation by any injured workman or his personal representative or dependents, or any person appointed by the court to receive payment of the compensation, for the amount and payable in installments or lump sum or in any other way and manner as the court may approve."

There seems no question but that the legislature established the policy for lump sum settlements when it empowered the district court to " * * * direct * * * any settlement * * * of any claim for compensation * * * for the amount and payable in installments or lump sum or in any other way and manner as the court may approve."

We believe this issue turns upon the meaning of "direct." "Direct" is defined as "to point to; guide; order; command; instruct." Black's Law Dictionary, 4th Ed. (1951). We also believe that the common usage of "direct" as used in the statute means to order, or command the doing of a

particular thing. The legislative intent is clear.

■ Although not directly in point, in discussing § 59–10–25(B), supra, the Supreme Court in Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919 (1943) stated: " * * * This section clearly empowers the district court to 'authorize, direct or approve any settlement or compromise of any claim for compensation' brought to it; * * *."

The next question is then what was the purpose of § 59–10–13.5(B), supra, which was enacted by the Laws of 1969, ch. 133, § 1.

Here again, the legislature established the policy. First, that a lump sum settlement must be in the *best interests* of the parties entitled to compensation; second, all parties in interest must have *due notice* of a hearing; and lastly, that no lump sum settlement could be made for *less than* a payment equal to the present value of all future payments of compensation computed at five percent discount, compounded annually.

■ Defendants argue that a statute " * * * should always give fair warning to the parties of their possible liability. * * *" "Fair warning", if we understand what defendants mean—means notice of possible exposure. Such notice was given in the Laws of 1929, ch. 113, § 26.

■ Defendants also argue that " * * * no guide lines are given to the court by which it can protect the interest óf the employer in such a hearing. * * *" We disagree. One purpose of the Workmen's Compensation Act is to provide a form of recovery for the workmen or his heirs. The employer is entitled to present whatever relevant evidence deemed necessary to establish its position. It is the duty of the district court to see to the fulfillment of that statutory purpose within the framework of the facts and the law. The guidelines are what is for "the best interests of the parties entitled to compensation." The obligation of the employer has already been established. The

issue is what is best for the employee or his survivor *now*. The fact that a contingency may arise in the future (death or remarriage) which could benefit the employer is not the issue.

■ Defendants also argue that they are deprived of due process because "present value of all future payments" does not give the employer the benefit of termination by death or remarriage. We fail to see any merit in this argument on the basis of our previous discussion. Defendants' obligation was established upon decedent's death. Future contingencies which may or may not happen do not constitute a deprivation of due process.

■ As to defendants' equal protection argument we only state that there is no showing in the record that all employers are not treated alike. In order to show a violation of equal protection defendants must show the legislation was clearly arbitrary and unreasonable, not just a possibility of being arbitrary and unreasonable. Davy v. McNeill, 31 N.M. 7, 240 P. 482 (1925).

*Substantial Evidence*

(a) Best Interest.

Under this subpoint defendants attack the trial court's finding of fact which states:

"Plaintiff Barbara Lou Livingston for herself and her son Scott could better untilize [sic] the money to be paid her pursuant to the judgment heretofore entered awarding her payments of compensation if the money were to be paid in a lump sum instead of in weekly payments."

■ Defendants contend that this finding is not supported by substantial evidence. The evidence is set forth above. Viewing that evidence in the light most favorable to support the award, we are of the opinion the finding was amply supported by the evidence.

Defendants have argued many policy considerations against lump sum settle-

ments. We have considered these policy arguments and the cases cited in 3 Larson Workman's Compensation Law § 82.71 (1973) in opposition to lump sum settlements and are not persuaded to the contrary. Our legislature has set the policy. We will follow the policy it established.

(b) Best Interest of the Child.

Our answer to this subpoint is the same as to subpoint (a) above. Although we may have handled the matter differently, for example, the establishing of a trust for the children with a part of the proceeds, we cannot say, as a matter of law, that the trial court did not have substantial evidence before it to support the finding.

(c) Evidence of Present Value Less Five Percent Discount.

■ The court directed defendants to calculate the amount of the award under the statute. Defendants' requested finding of fact No. 12 sets forth the amount calculated. That amount was accepted by the plaintiff and the trial court in its award. Defendants having requested the finding cannot now challenge the grant of his request. Platero v. Jones, 83 N.M. 261, 490 P.2d 1234 (Ct.App.1971).

*Premature Filing*

■ Under this point defendants rely on § 59–10–36, N.M.S.A.1953 (Repl. Vol. 1960, pt. 1). It states in part:

" * * * No claim shall be filed by any workman who is receiving maximum compensation benefits;. * * * "

This contention is disposed of by § 59–10–25, N.M.S.A.1953 (Repl. Vol. 1960, pt. 1). The district court has jurisdiction, when compensation is being paid, to decrease, increase or terminate the payments, and as set forth in subsection B to order a lump sum settlement. That language is in opposition to defendants' position.

*Attorney Fees*

Installment compensation payments were being paid to plaintiff. Section 59–10–23, N.M.S.A.1953 (Repl. Vol. 1960, pt. 1) relates to attorney fees.

The facts are as follows: Plaintiff made a demand for lump sum settlement after the stipulation of June 29, 1972. Defendants declined the offer. Plaintiff then filed a motion for a lump settlement. The issue is: Does this series of events bring plaintiff within the above statute so as to permit an award of attorney fees? Our answer is in the negative.

The amount of compensation was not in excess of what plaintiff was first awarded. Plaintiff was already receiving maximum compensation. The sole result of the hearing was to lump sum that amount, less discount, rather than payment over a period of five hundred weeks. This was not an amount in excess of the amount already established. The Workmen's Compensation Act spells out the areas in which attorney fees may be granted. See Gregory v. Eastern New Mexico University, 81 N.M. 236, 465 P.2d 515 (Ct.App.1970); Cromer v. J. W. Jones Construction Company, 79 N.M. 179, 441 P.2d 219 (Ct.App.1968). This is not one of the areas.

■ The foregoing view on attorney fees is a minority view and the issue of attorney fees is disposed of by Judges Sutin and Hernandez which grants attorney fees.

The lump sum award by the trial court is affirmed—Judge Hernandez concurring. The award of attorney fees is affirmed—Judge Hendley dissenting. The award of lump sum compensation being affirmed on appeal plaintiff is awarded $1,500.00 for her attorney fees on this appeal—Judge Hernandez concurring. Section 59–10–23(D), N.M.S.A.1953 (Repl.Vol.1960, pt. 1).

It is so ordered.

HERNANDEZ, J., concurs in part with HENDLEY, J., and concurs in part with SUTIN, J.

SUTIN, J., dissents.

HERNANDEZ, Judge (concurring in part and dissenting in part).

■ I believe that § 59–10–23(D), supra, provides for attorney's fees where an

employer has refused a lump sum settlement and it is later determined by the trial court that such an award was justified. This in my opinion is a collection of compensation through court proceedings which had been refused.

I agree that the sum of $1500.00 is a reasonable attorney's fee on appeal.

SUTIN, Judge (dissenting).

I respectfully dissent.

(1) *The trial court did not have jurisdiction to escape one judgment and enter another.*

On June 29, 1972, plaintiff and defendants entered into a stipulation in settlement of a workmen's compensation claim.

On September 6, 1972, a complaint for workmen's compensation with the stipulation attached thereto was filed in court.

On *September 8, 1972, judgment was entered approved by the attorneys for plaintiff and defendants.* It decreed "that Plaintiff have and recover from the Defendant the sum of $57.00 per week for a maximum of five hundred weeks. * * *" *On the same day, at the same time,* plaintiff filed a motion for payment of compensation in a lump sum.

On *November 20, 1972,* a hearing was held. On *January 8, 1973,* the court's findings of fact and conclusions of law were filed and *judgment was entered* in which the court decreed a lump sum settlement.

"All judgments * * * issued in workmen's compensation cases shall be governed by the laws of this state with respect to judgments * * * in civil cases and shall have the same force and effect." Section 59–10–16(B), N.M.S.A.1953 (Repl. Vol. 9, pt. 1). "Judgment" as used in the Rules of Civil Procedure "includes a decree and any order from which an appeal lies." Section 21–1–1(54)(a), N.M.S.A.1953 (Repl. Vol. 4). The judgment of September 8, 1972, was a decree from which an appeal lies. La Rue v. Johnson, 47 N.M. 260, 141 P.2d 321 (1943); Fresquez v. Farnsworth & Chambers Company, 238 F.

2d 709, 711 (10th Cir. N.M. 1956); Walterscheid, Civil Procedure—"Final Judgment Rule" in Workmen's Compensation Cases, 8 Natural Resources Journal (1968).

Apart from appellate procedure, there are instances in which a judgment payable in installments is not final until the full statutory period has elapsed. This rule applies where there is a claim for increase or diminution of compensation or latent injuries. Durham v. Gulf Interstate Engineering Company, 74 N.M. 277, 279, 393 P.2d 15 (1964) and cases cited.

The judgment of September 8, 1972, was a final judgment from which an appeal lies. Section 59–10–16.1, N.M.S.A.1953 (Repl. Vol. 9, pt. 1). The motion of September 8, 1972, was orally decided on November 20, 1972, and by written judgment on January 8, 1973, more than 30 days after the filing thereof. When this event occurred, the motion was denied by operation of law and the trial court was without jurisdiction to proceed with a hearing, findings of fact and a second judgment. Section 21–9–1, N.M.S.A.1953 (Repl. Vol. 4); Wagner Land and Investment Co. v. Halderman, 83 N.M. 628, 495 P.2d 1075 (1972).

The rules of civil procedure for the district courts apply to all claims under the Workmen's Compensation Act except where provisions of the Act directly conflict with these rules. Section 59–10–13.9, N.M.S.A.1953 (Repl. Vol. 9, pt. 1); Buffington v. Continental Casualty Company, 69 N.M. 365, 372, 367 P.2d 539 (1961); Corzine v. Sears, Roebuck and Company, 80 N.M. 418, 421, 456 P.2d 892 (Ct.App. 1969) (concurring opinion); State ex rel. Sanchez v. Reese, 79 N.M. 624, 625, 447 P.2d 504 (1968).

The plaintiff did file a motion to alter the judgment within ten days after the judgment pursuant to § 21–1–1(59)(e), N.M.S.A.1953 (Repl. Vol. 4). But plaintiff failed to have a determination made within time allowed by statute.

(2) *Section 59–10–13.8 is applicable.*

The proceedings set forth above fall within the provisions of § 59–10–13.8, N.

M.S.A.1953 (Repl. Vol. 9, pt. 1). A final settlement signed by the parties was approved by the court and a judgment of record entered. In Tocci v. Albuquerque & Cerrillos Coal Co., 45 N.M. 133, 142, 112 P.2d 515 (1941), the court said:

> It is not a proper function of the courts to relieve either party to a contract from its binding effect where it has been entered into without fraud or imposition and is not due to a mistake against which equity will afford relief. It is not enough that in the light of subsequent events the agreement of settlement proves to have been unwise or unfortunate.

Plaintiff's motion for payment of a lump sum sought an order directing defendant to pay a lump sum. No such power is granted by the workmen's compensation statute after a final settlement is approved and judgment entered. Section 59–10–25(B) set forth in the majority opinion is not applicable. Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 334, 142 P.2d 919 (1943).

(3) *Section 59–10–13.5 is not applicable.*

The only basis upon which plaintiff sought relief was § 59–10–13.5, N.M.S.A. 1953 (Repl. Vol. 9, pt. 1, 1971 Supp.). It provides for the methods of paying compensation. Section A provides that "Compensation shall be paid by the employer to the workman in installments." Section B, set forth in the majority opinion, provides that the liability of the employer may be discharged by payment of a lump sum whenever, in cases of death, the court determines that a lump sum payment is for the best interests of the parties entitled to compensation. Section B was amended in 1973 to provide for a petition to be filed.

The methods of paying compensation can be determined: (1) when the employer admits liability and begins payment; (2) when the employer and employee agree upon the method of payment before a claim is filed; (3) when, upon agreement, a judgment is entered; (4) when a trial is had and judgment entered; (5) when the judgment is altered according to law.

Section B is inapplicable after a final judgment is entered by agreement of the parties and it is not altered according to law. No provision is made in this section for a court determination after judgment is entered. No provision is made in this section for filing a motion after judgment is entered to allow the court to direct defendant to pay a lump sum.

(4) *Assuming the majority opinion is correct, attorney fees should be awarded.*

Section 59–10–23(D) reads in part:

> In all cases where *compensation to which any person shall be entitled* under the provisions of the Workmen's Compensation Act *shall be refused* and the claimant shall thereafter *collect compensation through court proceedings* * * *, then the compensation to be paid the attorney for the claimant shall be fixed by the court. * * * [Emphasis added].

Section 59–10–13.5(B) reads in part:

> Whenever the court determines * * * that it is for the best interests of the parties *entitled to compensation* * * *, the liability of the employer for *compensation* may be discharged by the payment of a lump sum equal to the present value of all future payments of *compensation*. * * * [Emphasis added].

Lump sum compensation is awarded in lieu of installment compensation. Lump sum compensation was refused. The majority agree that plaintiff was entitled to lump sum compensation through court proceedings under a provision of the Workmen's Compensation Act. In my opinion, claimant is entitled to attorney fees. "[I]n view of the nature of the case, *a matter of first instance*, the work done and the results accomplished, a fee of Three Thousand Dollars" was held reasonable. Shillinglaw v. Owen Shillinglaw

Fuel Company, 70 N.M. 65, 71, 370 P.2d 502 (1962).

Judge Hendley's opinion says "The amount of compensation was not in excess of what plaintiff was first awarded." This is not pertinent under § 59–10–23(D), supra.

The judgment should be reversed.