667 P.2d 453
**WESTGATE FAMILIES, a general partnership, Plaintiff-Appellee,**

v.

**COUNTY CLERK OF the INCORPORATED COUNTY OF LOS ALAMOS, New Mexico, and County Council of the Incorporated County of Los Alamos, New Mexico, Defendants-Appellants.**

**No. 14550.**

Supreme Court of New Mexico.

Aug. 4, 1983.

Moore & Golden, Harold T. Moore, Douglas W. Fraser, Los Alamos, for defendants-appellants.

Jones, Gallegos, Snead & Wertheim, Charles A. Purdy, Santa Fe, for plaintiff-appellee.

Steven Barshov, Municipal League, Santa Fe, amicus curiae.

## OPINION

RIORDAN, Justice.

Westgate Families (Westgate) brought an action for declaratory judgment against the County Clerk and County Council of Los Alamos County, New Mexico (County), to nullify County's authorization of a June 30, 1981 Special Referendum (Special Referendum) that involved three zoning ordinances, to void the results of the Special Referendum, and to relate the date of the zoning designations back to April 20, 1981, in order to reinstate and effectuate the original zoning action. The district court granted Westgate's motion for summary judgment. County appeals. We affirm.

The issue on appeal is whether County may claim the power to zone by referendum.

Westgate is a New Mexico general partnership with its principal place of business in Los Alamos, New Mexico. Westgate owns a certain parcel of land in Los Alamos County known as "Sawyer's Hill." Los Alamos County is an incorporated county and home rule municipality pursuant to N.M. Const. art. X, Section 6. On March 16, 1981, the County Council adopted Municipal Ordinances Nos. 276, 277, and 278, that changed the existing zoning of "Sawyer's Hill" from a recreational wilderness district to a combined residential zoning district, consisting of residential-agricultural and planned development.

On April 14, 1981, the County Clerk accepted the filing of petitions for a referendum relating to Ordinances Nos. 276, 277, and 278. The County Council then certified the petitions as to their sufficiency with respect to the County Charter. On April 20, 1981, the County Council adopted a resolution for the Special Referendum to submit to the voters the question of whether to rescind the County Council's adoption of Ordinances Nos. 276, 277, and 278. In the Special Referendum, the electorate rejected the County Council's rezoning action by disapproving Ordinance No. 276 by a vote of 2,672 votes against the ordinance as opposed to 2,451 votes in favor of the ordinance; disapproving Ordinance No. 277 by a vote of 2,670 votes against the ordinance as opposed to 2,466 votes in favor of the ordinance; and disapproving Ordinance No. 278 by a vote of 2,624 votes against the ordinance as opposed to 2,491 votes in favor of the ordinance. As a result of the Special Referendum, "Sawyer's Hill" cannot be developed in accordance with the rezoning adopted by the County Council, nor can members of Westgate proceed to build their homes in "Sawyer's Hill."

Westgate filed suit against County asking in part for "a declaratory judgment in its behalf * * * that the actions of [County] in authorizing [the Special Referendum] with respect to the rescission of Municipal Ordinances Nos. 276, 277, and 278 are null and void, that the results of the election of June 30, 1981, held pursuant to [County's action] is void and of no legal effect, and that the original action of the County Coun-

cil of the Incorporated County of Los Alamos in rezoning 'Sawyer's Hill' * * * relates back to April 20, 1981. * * * " The district court denied County's motion for judgment on the pleadings, granted Westgate's motion for summary judgment, and concluded that "[w]hile the provisions for referendum contained in [the County's] home rule charter are valid, still, as a matter of law they have no appreciation [sic] to zoning actions of the governing body of the County of Los Alamos. Rather, zoning is governed by the Zoning Enabling Act * * * and is not subject to referendum."

County argues that the referendum of a zoning question is not disallowed by state law because nowhere in the Zoning Enabling Act, NMSA Sections 3–21–1 through 3–21–26 (Orig.Pamp. and Cum.Supp.1982) (Act), is a referendum prohibited, nor does the Act purport to be the sole and exclusive legislation or administrative vehicle for zoning matters. We disagree.

■ County's authority to promulgate zoning ordinances must come from enabling legislation, and the exercise of power under a zoning ordinance must be authorized by statute. *Burroughs v. Board of County Commissioners of the County of Bernalillo,* 88 N.M. 303, 540 P.2d 233 (1975). In the present case, notwithstanding the home rule provision of Los Alamos, the pertinent legislation from which County derives the power to restrict land uses by zoning, is the Act. In construing the Act as applicable to County, we consider the following rules of construction: that we must interpret the Act to mean what the legislature intended it to mean and to accomplish the ends sought to be accomplished by it, *State ex rel. Sanchez v. Reese,* 79 N.M. 624, 447 P.2d 504 (1968), that we must read the entire Act as a whole and construe each part in connection with every other part so as to produce a harmonious whole, *Trujillo v. Romero,* 82 N.M. 301, 481 P.2d 89 (1971), and that *we will not read into the Act language which is not there, particularly if it makes sense as written, State ex rel. Barela v. New Mexico State Board of Education,* 80 N.M. 220, 453 P.2d 583 (1969).

■ A review of the Act indicates that both procedural and substantive limitations are imposed upon County when exercising its zoning power. Nevertheless, the Act also *expressly provides* for zoning by representative bodies. Specifically, Section 3–21–14(C) (emphasis added) provides:

*A proposed ordinance shall be passed only by a majority vote of all the members of the board of county commissioners, and an existing ordinance shall be repealed by the same vote.*

Therefore, we determine that the Act expressly denies an exercise of zoning power by referendum, and hold that County is precluded by the Act from claiming the power to zone by referendum because the Act expressly provides for zoning by representative bodies. *See City of Scottsdale v. Superior Court,* 103 Ariz. 204, 439 P.2d 290 (1968); *West v. City of Portage,* 392 Mich. 458, 221 N.W.2d 303 (1974); *State v. Donohue,* 368 S.W.2d 432 (Mo.1963); *Elkind v. City of New Rochelle,* 5 Misc.2d 296, 163 N.Y.S.2d 870 (1957), *aff'd,* 5 N.Y.2d 836, 181 N.Y.S.2d 509, 155 N.E.2d 404 (1958); *Horsham Township Council v. Mintz,* 39 Pa. Cmwlth. 408, 395 A.2d 677 (1978); *San Pedro North, Ltd. v. City of San Antonio,* 562 S.W.2d 260 (Tex.Civ.App.), *cert. denied,* 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978); *Dewey v. Doxey-Layton Realty Co.,* 3 Utah 2d 1, 277 P.2d 805 (1954).

*Conclusion*

■ Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. NMSA 1978, Civ.P.R. 56 (Repl.Pamp.1980); *Matkins v. Zero Refrigerated Lines, Inc.,* 93 N.M. 511, 602 P.2d 195 (Ct.App.1979). If the facts of a case are not in dispute, but only the legal effect of the facts is presented for determination, then summary judgment may be properly granted. *Meeker v. Walker,* 80 N.M. 280, 454 P.2d 762 (1969). Therefore, in light of our determination that the Act precludes zoning by referendum, we determine that the district court's entry of summary judgment in favor of

Westgate was properly granted. Our discussion of the other arguments raised by County is unnecessary because our determination is dispositive of the entire issue. The district court's declaratory judgment is affirmed.

IT IS SO ORDERED.

PAYNE, C.J., and SOSA, J., concur.