This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GLADYS L. CORLISS,**

Plaintiff-Appellant,

v.                                                                              **NO. 29,152**

**EASTERN PLAINS HOUSING**
**DEVELOPMENT CORP., et al.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert Mitchell, District Judge**

Gladys L. Corliss
Tucumcari, NM

Pro Se Appellant

Wade L. Jackson
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Gladys L. Corliss (Plaintiff) appeals from thirty-three orders issued by the

district court. [RP 2427] This Court's calendar notice proposed summary affirmance. Plaintiff filed a memorandum in opposition [MIO] and a separate motion to amend the docketing statement. After consideration, this Court denied Plaintiff's motion to amend the docketing statement, but allowed Plaintiff to file an amended memorandum in opposition in order to more fully discuss the issues raised in the original docketing statement and mentioned but not discussed in the original memorandum in opposition. [Id.] Plaintiff has now filed the amended memorandum in opposition. [AMIO] After reviewing the memorandum in opposition and the amended memorandum, we remain persuaded that Plaintiff's claims and her contentions were given due, careful, and correct consideration at every point by the district court. Accordingly, we affirm.

**DISCUSSION**

Plaintiff's memorandum and the amended memorandum name and discuss as issues Plaintiff's contentions that "this case is just part and parcel of a movement in this State to smear, damage, defame, discredit, retaliate and humiliate [Plaintiff] for seeking the truth, speaking the truth, and seeking to expose violations of the law, and those parties violating the law." [AMIO 2] Plaintiff further indicates that "[j]ust a portion of the facts pertaining to this matter are contained within this case, but spread over more than a twelve[-] year period, and that is why it was not originally included in [t]he Docketing Statement." [AMIO 2-3] Plaintiff then proceeds to provide this

Court with a "synopsis" of facts relevant to the alleged movement to smear and defame Plaintiff since 1996, including how various district court judges have abused their discretion and violated Plaintiff's First Amendment, and Due Process rights. [AMIO 15] In addition, Plaintiff objects to this Court's application of res judicata and collateral estoppel to bar Plaintiff's claims pertaining to the termination of a lease agreement even though that dispute was fully litigated in magistrate court, decided against Plaintiff, and Plaintiff did not appeal from that judgment. [AMIO 25] Further, Plaintiff contends that many of her issues were not raised in the docketing statement because she was confused about the appeals process. [AMIO 28] In addition Plaintiff contends that many of her issues were not preserved below because she claims the district court denied Plaintiff access to the courts, denied her the right to be heard, allowed motions to pile up without prompt rulings, denied her equal protection of the law, and abused its discretion and power. [AMIO 29] Plaintiff further contends that the district court judge was biased and prejudiced against her. [AMIO 32-34] Plaintiff continues to argue that summary judgment was improperly granted against her. [AMIO 36] She also contends that the district court judge violated the code of judicial conduct in his rulings against her. [AMIO 45]

As we discussed in the calendar notice, pro se litigants are required to comply with all rules and orders of the courts. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127

N.M. 301, 980 P.2d 84. Moreover, based on the extensive record before us, we remain persuaded that (1) the district court's orders are supported by substantial evidence; (2) the district court correctly applied the applicable law to the facts; (3) the district court properly exercised its role in resolving the conflicts in the evidence, determining the credibility of the witnesses, and weighing the evidence presented; and (4) throughout the intensely litigated, extensive proceedings, Plaintiff was afforded due process of law. The memorandum and the amended memorandum do not bring to light additional facts or legal authorities that persuade us otherwise.

**1.    Substantial Evidence**

To the extent Plaintiff continues to contend that entry of any or all of the orders is not supported by the circumstances, facts, or evidence presented by the parties or before the district court judge, we affirm. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Landavazo v. Sanchez*, 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990) (citation omitted). "On appeal this Court reviews the evidence in the light most favorable to the [prevailing parties] to determine whether there is substantial evidence to support the trial court's ultimate finding of fact." *Wisznia v. Human Servs. Dep't*, 1998-NMSC-011, ¶ 10, 125 N.M. 140, 958 P.2d 98. The appellate court presumes that the trial court is correct and the burden is on the appellant, here Plaintiff, to

4

clearly demonstrate that the trial court erred. *Farmers, Inc. v. Dal Mach. and Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990). In this case, however, while claiming that the district court erred in entering the orders, Plaintiff did not summarize the evidence that supports the district court's rulings in a situation where Defendants presented evidence and a position on Plaintiff's claims that conflicted with Plaintiff's evidence and Plaintiff's position. *See, e.g.*, *Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (stating that counsel must set out all relevant facts in the docketing statement). We are not persuaded, moreover, that Plaintiff was denied access to the courts or denied full opportunity to present her claims. The extensive record proper shows otherwise. Thus, in reviewing a substantial evidence claim, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. "Additionally we will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Id.*

We hold that substantial evidence was presented in support of the district court's orders.

**2.      Application of the Law to the Facts of the Case**

To the extent Plaintiff continues to contend that the trial court incorrectly

applied the applicable law to the facts of this case, we disagree. As the district court recognized, Plaintiff and Defendant Eastern have already litigated in magistrate court the underlying dispute between them, which involved a residential lease agreement. In that case, it was established that Plaintiff entered into a residential lease agreement with Defendant Eastern. [RP 905] The lease provided that, after the initial term, the lease would continue on a month-to-month basis unless either party gave thirty (30) days written notice of termination to the other as provided in the lease agreement. [RP 905-06] The initial term of the lease ended on February 1, 2002. [RP 906] Defendant gave Plaintiff thirty (30) days notice of termination of the lease agreement on February 5, 2003. [Id.] Plaintiff refused to vacate the premises on March 31, 2003. [Id.] Defendant Eastern brought suit against Plaintiff in Curry County Magistrate Court in 2003. [Id.] The Curry County Magistrate Court issued a writ of restitution to Defendant Eastern, restoring possession of the premises and terminating the rental agreement. [Id.] Finally, we understand that although Plaintiff is appearing in this case pro se, Plaintiff was represented by counsel in the magistrate court trial. [RP 923] Defendant Eastern prevailed in the magistrate court case, and Plaintiff was legally ousted from the premises pursuant to a valid termination of the lease agreement. [RP 924]

Plaintiff did not appeal from the magistrate court judgment against her. The

6

facts and the legal and equitable conclusions made therein under the Owner-Resident Relations Act are final matters, not open to relitigation in the district court nor are they reviewable in this appeal. As such, the district court correctly determined that the facts, and the legal and equitable conclusions arising out of the parties' dispute under the lease agreement were before the magistrate court, and resulted in a judgment against Plaintiff. Plaintiff did not appeal from the magistrate judgment, which established that Defendants did not violate Plaintiff's contractual or other legal or equitable legal rights under the lease agreement and pursuant to the Owner-Resident Relations Act. [RP 925-26] In fact, after trial at which Plaintiff was represented by counsel, the magistrate court determined that Plaintiff herself had violated her obligations under the lease agreement to leave the premises upon the valid termination of the lease. [Id.] As the district court recognized in the present case, the well-established doctrines of finality, issue preclusion, collateral estoppel, law of the case, and res judicata preclude relitigation, reconsideration, or review in this appeal of the matters litigated in the magistrate court case. [*See, e.g.*, RP 924-926] As the district court recognized, application of these doctrines to Plaintiff's causes of action requires the dismissal of many of them. [Id.]

As the district court further correctly determined, Plaintiff's numerous criminal causes of action are not claims upon which relief may be granted in this civil case.

[RP 926]

Finally, resolution of Plaintiff's remaining claims, including for Defendants' alleged fraud, bad faith, trickery, collusion, and lying, involved the fact finder in determining the credibility of the witnesses and the weight to be given their testimony and the other evidence. As discussed below, we do not review these matters on appeal. In this case, moreover, Plaintiff failed to identify to the district court particular acts of deceit or collusion engaged in by the individual Defendants, and she provided no evidence that any such acts occurred with regard to any of them. *See, e.g.*, *Campos Enterp., Inc. v. Williams and Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (stating that an appellate court reviews only matters that were presented to the trial court). In addition, as the district court correctly determined, Plaintiff's claims relating to alleged misrepresentations with regard to the lease addendum were litigated in the magistrate court action and determined against her. [RP 2364] We hold that Defendants were correctly granted summary judgment on these remaining claims. [RP 1965, 1968, 1992, 2320, 2358, 2360, 2362, 2365, 2367, 2400, 2402]

Finally, we affirm the district court's subsequent orders denying Plaintiff's motion to alter or amend the judgment since the issues raised in these motions presented no new facts or law that would provide a reason to relitigate, or otherwise

alter or amend, the final judgments against Plaintiff in this case. [RP 2369, 2400, 2402, 2423] Accordingly, the district court did not abuse its discretion in denying Plaintiff's motion. *See, e.g.*, *Parsons v. Keil*, 106 N.M. 91, 739 P.2d 505 (1987) (discussing that the standard of review for determining whether the trial court erred in granting or denying a motion to vacate judgment is whether trial court's ruling constituted an abuse of discretion).

We note that the order dismissing Defendants Danessa Lands and Josie Mills from this case was filed on August 1, 2008. [RP 2358] This order was a final, appealable order on that date, pursuant to Rule 1-054(B)(2) NMRA ("When multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise."). As such, in order for this Court to have jurisdiction to review that order with regard to the dismissal of those Defendants from this case, Plaintiff was required to file a notice of appeal within thirty (30) days of August 1, 2008, which she did not do. *See* Rules 12-201(A) and 12-202(A) NMRA; *see also Govich v. North Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (explaining that time and place of filing a notice of appeal are mandatory preconditions to appellate jurisdiction); *cf. Trujillo v. Serrano*, 117 N.M. 273, 277, 871 P.2d 369, 373 (1994) (holding that an untimely appeal may be permitted if the

delay was for unusual circumstances such as judicial error). Regardless of other considerations, this Court does not have jurisdiction to review the merits of that order regarding the dismissal of those Defendants.

**3. Resolution of Conflicts in the Evidence; Determining the Credibility of the Witnesses; and Weighing the Evidence**

To the extent Plaintiff continues to argue that the district court incorrectly disagreed with her rendition of the facts or events, this Court defers to the district court's resolution of conflicts in the evidence, its determination of the credibility of the witnesses, and its decisions on the weight to be given the evidence presented. *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33; *see also Wisznia*, 1998-NMSC-011, ¶ 10. We "indulge every reasonable inference to support the trial court's findings, ignoring conflicts in the evidence unfavorable to the [Defendants]." *Id.* Plaintiff's contentions on appeal consistently raise matters of conflicts in the evidence presented, the credibility of the witnesses, and the weight to be given the evidence. We defer to the district court and affirm on all of these matters.

**4. Due Process**

Finally, in reviewing the circumstances of this case, we conclude that Plaintiff's due process rights were not violated. To the extent Plaintiff continues to claim otherwise, we affirm. Due process requires only that notice be reasonably calculated,

10

under all the circumstances, to inform parties of the pendency of the action and afford them the opportunity to present their objections. *See Marinchek v. Paige*, 108 N.M. 349, 351-52, 772 P.2d 879, 881-82 (1989). Due process does not require that a party agree with the outcome or prevail on the merits of his or her claims.

In this case, the record proper indicates that Plaintiff fully participated in the proceedings and the hearings. Her claims and objections were carefully considered in extensive and exhaustive pleadings, hearings as applicable, and in written orders of the district court. As discussed above, Plaintiff's claims were rejected in accordance with applicable law. *See, e.g.*, *State v. Case,* 100 N.M. 714, 717, 676 P.2d 241, 244 (1984) (stating personal bias cannot be inferred from an adverse ruling); *see also, e.g.*, *Pizza Hut, Inc. v. Branch,* 89 N.M. 325, 327-28, 552 P.2d 227, 229-30 (stating "that trial courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Therefore, we cannot say that Plaintiff did not receive due process of law. Further, because the record indicates that the district court judge fully considered Plaintiff's claims and gave her full and equal opportunity to present her claims, Plaintiff has not persuaded us that the district court was biased or prejudiced against her. Our review of the record indicates to us that the district court judge applied the

applicable law to the facts of this case and ruled against Plaintiff on the merits in accordance therewith. Thus, we affirm the district court in this regard.

**CONCLUSION**

Under the circumstances of this case, we affirm the district court's orders granting judgment to Defendants and dismissing Plaintiff's claims with prejudice.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**CELIA FOY CASTILLO, Judge**