This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANTONIA GARCIA,**

    Plaintiff-Appellant,

**v.**                                      **No. 30,375**

**JESUS MOLINA,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Jerald A. Valentine, District Judge**

Dennis W. Montoya
Rio Rancho, NM

for Appellant

Ben A. Longwill
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Plaintiff appeals from the district court's judgment in a de novo appeal reversing the magistrate court, and ruling in favor of Defendant and awarding him $884.32 plus costs from Plaintiff. We issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice with a memorandum in opposition. We have considered Plaintiff's response and remain unpersuaded that Plaintiff demonstrated error. We therefore affirm.

On appeal, Plaintiff asks whether the district court erred by ruling in favor of Defendant. [DS 5] The district court found that although Defendant breached the contract with Plaintiff, Plaintiff had a duty to mitigate her damages and failed to do so by refusing to return the truck to Defendant's shop for warranty work. [RP 36] The court entered judgment in favor of Defendant's counterclaims, requiring Plaintiff to pay Defendant the balance of the money she owed him for the work he performed on her truck. [Id.]

Under common law and the Uniform Commercial Code (UCC), "[c]onsequential damages are not recoverable if they could 'reasonably be prevented by cover or otherwise.'" *Manouchehri v. Heim*, 1997-NMCA-052, ¶ 19, 123 N.M. 439, 941 P.2d 978 (quoting NMSA 1978, Section 52-2-75(2)(a) (1961), of the UCC). In the current case, the district court found that it was not unreasonable to rely on Defendant's warranty assurances [RP 35] and that it was unreasonable for Plaintiff to

2

refuse the warranty work [RP 36].  These are factual findings to which we defer. *See Wisznia v. Human Servs. Dep't*, 1998-NMSC-011, ¶ 10, 125 N.M. 140, 958 P.2d 98 (filed 1998) ("On appeal this Court reviews the evidence in the light most favorable [the] [a]ppellee to determine whether there is substantial evidence to support the trial court's ultimate finding[s] of fact.").  The district court also found Plaintiff failed to prove that she suffered any loss from Defendant's actions, because her original engine block could not be rebuilt and had only de minimus value as scrap and because Plaintiff unreasonably refused to return the truck to repair the defective work done. [RP 35-36]

In her docketing statement, Plaintiff did not state the grounds upon which she believed the district court erred.  For instance, she did not specifically challenge any finding of the district court.  "[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and that the appellant remains bound if he or she fails to properly set forth all the evidence bearing upon the findings." *Martinez v. Southwest Landfills, Inc.*, 115 N.M. 181, 186, 848 P.2d 1108, 1113 (Ct. App. 1993).  Furthermore, we see nothing in the docketing statement or the record indicating that Plaintiff asserted and presented evidence supporting any diminishment in the value of the truck as a result of the breach of contract.  Also,

3

Plaintiff did not state why she did not need to mitigate her damages or what evidence she presented that she did mitigate her damages.

There is a presumption of correctness in the rulings or decisions of the lower court, and the party claiming error bears the burden of clearly showing such error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990) (stating that the appellate court presumes that the district court is correct and stating that the burden is on the appellant to clearly demonstrate that the lower court erred). It is not the responsibility of this Court to comb the record to either understand or find support for an appellant's contentions. *See Murken v. Solv-Ex Corp.*, 2005-NMCA-137, ¶ 14, 138 N.M. 653, 124 P.3d 1192 ("[W]e decline to review . . . arguments to the extent that we would have to comb the record to do so."); *In re Estate of Heeter*, 113 N.M. at 694, 831 P.2d at 993 ("This [C]ourt will not search the record to find evidence to support an appellant's claims.").

Also, Plaintiff did not state what arguments and evidence she presented to the district court that demonstrated error. Under the Rules of Appellate Procedure, it is the responsibility of the appellant to provide this Court with the information relevant to the issues the appellant raises on appeal. *See* Rule 12-208(D)(3) NMRA (requiring that the docketing statement contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"). Without

any specific factual or legal argument from Plaintiff, we were not persuaded that the district court erred.

In response to our notice, Plaintiff argues that she could not have mitigated her damages by warranty repair work with regard to the engine because Defendant replaced much of it, contrary to her explicit instructions. [MIO 3-9] Plaintiff seeks the return of the money she paid as a deposit because of the unwanted work done on her engine. [DS 4] Plaintiff does not indicate with reference to the evidence or the law how she proved to the district court that the only proper remedy for the repair work done to the engine is the return of the deposit, and she does not refer this Court to any authority to support that assertion. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists). Moreover, Plaintiff's argument ignores the district court's findings that Plaintiff's original engine block could not be rebuilt, that it had only de minimus value, and that she received a repaired engine. [RP 35] Plaintiff does not challenge these findings. In light of these findings, Plaintiff benefitted from the engine work done and had a duty to mitigate her damages in some form for the defective work. Plaintiff does not state how she attempted to mitigate her damages. Based on the showing of the parties, the district court ruled that Plaintiff's refusal to return the truck and mitigate her damages was

5

unreasonable and that therefore she did not prove that she suffered loss from the actions of Defendant. [RP 36] Plaintiff's arguments do not clearly demonstrate that the district court erred.

Plaintiff states in her memorandum in opposition essentially that it would have been unreasonable for her to have returned the vehicle for warranty work because it would have placed her in a situation in which she would have had to pay more to get her truck back. [MIO 8] Plaintiff does not indicate that she argued this position in the district court. Nor does she explain why she would have had to pay more to get her truck back. Further, she offers no authority to support the view that her concerns about having to pay more relieves her of her mitigation obligation.

To the extent that Plaintiff now argues that Defendant violated the New Mexico Unfair Trade Practices Act, she did not preserve this argument, and we will not consider it on appeal. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 (filed 2004) (stating that we will not consider an unpreserved issue).

For the reasons discussed in this opinion, we affirm the district court.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**