This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LORENZO ARREOLA,**

Plaintiff-Appellee,

v.                                                                      **NO. 34,107**

**CARLOS ORTIZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Law Office of Elliot Mohler
Elliott A. Mohler
Las Cruces, NM

for Appellee

Charles E. Hawthorne, Ltd.
Charles E. Hawthorne
Ruidoso, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant Carlos Ortiz appeals the district court's summary judgment in

Plaintiff Lorenzo Arreola's favor on his claims against Defendant to quiet title to certain property in the City of Sunland Park, New Mexico and for ejectment and breach of contract, and the district court's later judgment awarding Plaintiff damages for breach of contract after a bench trial. We affirm.

## I.   BACKGROUND

{2}   In 1987 Plaintiff and Jesus Valles purchased 3.5 acres of land in Sunland Park from Nora Green for $55,000. The sale deed was not recorded. Shortly after the sale, Plaintiff and Valles executed a contract under which Plaintiff agreed to pay Green $17,500 of the purchase price, with Valles paying the remainder. The agreement provided that Plaintiff and Valles would split the land between them, with Plaintiff receiving one and one-half acres and Valles receiving the remaining two acres. The agreement did not specify which acreage would belong to Plaintiff and which to Valles.

{3}   Plaintiff constructed and operated an auto salvage business and leased portions of his land to small businesses and other individuals on one part of the property. In 1996 Plaintiff constructed a boundary wall across the property. That same year, a metes and bounds survey of the property Plaintiff possessed was conducted, and the survey describes Plaintiff's land as occupying 1.37 acres of the tract Plaintiff and Valles had purchased from Green.

{4}     In 2000 Plaintiff leased his salvage yard to Defendant. The lease permitted Plaintiff to increase the rent owed by Defendant if property taxes increased. The lease was for a ten-year term, expiring June 1, 2010. Under the terms of the lease, Defendant was obliged to pay Plaintiff $1,250 in monthly rent for the first four years of the lease term, and $1,450 per month for the remaining six years of the lease. In 2006 Plaintiff and Defendant agreed to modify the lease to increase Defendant's monthly rent payment to $1,700 because Defendant had constructed a building on Plaintiff's property (thereby increasing the amount of property tax owed by Plaintiff) and because Plaintiff had rented an apartment on the property to Defendant. The modification further provided that Defendant would leave the building on the land after the lease expired and pay the water bill.

{5}     Defendant claims that before the lease expired, he entered into an agreement to purchase Valles's portion of Green's property from Valles's heirs, and that the purchase included land occupied by Plaintiff and leased to Defendant, which Defendant refers to as the "Disputed Tract." When the lease expired, Plaintiff alleges that Defendant refused to vacate Plaintiff's land and damaged the building he had constructed on Plaintiff's property. Plaintiff brought suit against Defendant for ejectment, breach of contract, and violations of the Uniform Owner-Resident Relations Act (UORRA), NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through

3

2007). Plaintiff later amended the complaint to name Valles's heirs as defendants to an action to quiet title.

**{6}** Plaintiff moved for summary judgment, arguing that the signed agreement dividing Green's land between Plaintiff and Valles and Plaintiff's subsequent possession of the property at issue established that he had superior title to the portion of the land that Defendant continued to occupy after the lease expired. In the alternative, Plaintiff argued that the undisputed facts established that Plaintiff had obtained title to the property in question from Valles and his heirs through adverse possession. Plaintiff argued that he was also entitled to summary judgment on his breach of contract claim based on Defendant's failing to pay rent, utilities, and by damaging the building Defendant had constructed and agreed to leave on Plaintiff's property after the lease expired. Plaintiff contended as well that he was entitled to summary judgment on his claim for ejectment based on Defendant's refusal to leave Plaintiff's property after the lease expired, and on his UORRA claim based on Defendant's damage to and failure to pay rent on the apartment he had leased from Plaintiff.

**{7}** Neither Defendant nor Valles's heirs (who were represented by the same attorney before the district court) responded to Plaintiff's motion for summary judgment. The district court found that Defendant and Valles's heirs' failure to

respond to Plaintiff's motion amounted to an admission of Plaintiff's statement of undisputed material facts. The district court granted Plaintiff's motion with respect to the quiet title and ejectment claims in whole, as well as the breach of contract claim with respect to liability. However, the district court concluded that Plaintiff was not entitled to summary judgment as to the amount of damages stemming from Plaintiff's breach of the lease agreement, and denied the motion with respect to Plaintiff's UORRA claim.

{8}     The district court held a bench trial as to Defendant's liability under UORRA and to determine the amount of damages caused by Defendant's breach of the lease agreement. After the trial, the district court issued written findings of fact and conclusions of law finding in Defendant's favor on Plaintiff's UORRA claim and fixing Defendant's liability for breaching the lease agreement at $35,700 in lost rent, $706.27 in utility bill payments, and $6,000 for the value of the building Defendant had damaged. Defendant appeals, raising several claims of error.

## II.     STANDARD OF REVIEW

{9}     Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 1-056(C) NMRA. "We review the

district court's decision to grant summary judgment de novo." *Hydro Res. Corp. v. Gray*, 2007-NMSC-061, ¶ 14, 143 N.M. 142, 173 P.3d 749. Generally, New Mexico courts view summary judgment with disfavor, preferring trials over summary disposition. *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 8, 148 N.M. 713, 242 P.3d 280. Accordingly, we review the facts and make all reasonable inferences from the record in favor of the nonmoving party. *T.H. McElvain Oil & Gas Ltd. P'ship v. Benson-Montin-Greer Drilling Corp.*, 2015-NMCA-004, ¶ 19, 340 P.3d 1277, *cert. granted*, 2014-NMCERT-012, 344 P.3d 988.

{10} With respect to the district court's findings of fact based on evidence submitted at the trial on damages and Plaintiff's UORRA claim, our standard of review requires the district court's findings to be supported by substantial evidence. *Wisznia v. N.M. Human Servs. Dep't*, 1998-NMSC-011, ¶ 10, 125 N.M. 140, 958 P.2d 98. We do not reweigh the evidence presented at a bench trial and do not second guess the district court's assessments of witnesses' credibility or its resolution of conflicting evidence or testimony. *Id.* Basically, "[t]he reviewing court must affirm if there is any reasonable ground that supports the [district] court's decision, the question being whether there is evidence to support the result reached, rather than whether the evidence would have supported a different result." *Id.* However, we do not defer to any conclusions of law made by the district court based on its findings of fact. *Id.*

## III.   DISCUSSION

{11}   Defendant raises five issues on appeal, which we consolidate into four: (1) whether the district court correctly found that Plaintiff had obtained title to the property in question from Valles and his heirs through adverse possession; (2) whether the district court correctly held that Defendant was liable to Plaintiff for rent between the date the lease term expired and when Defendant left Plaintiff's land; (3) whether the district court erred when it did not reduce its damage award by the amount of rent Plaintiff received from other tenants after Defendant's lease expired; and (4) whether the district court should have reduced the amount of rent Defendant owed Plaintiff after the lease expired based on Defendant's continued occupation of only a portion of the total property.

### A.   The District Court Did Not Err in Granting Plaintiff's Motion for Summary Judgment on His Claims for Quiet Title, Ejectment, and Breach of Contract

{12}   Defendant's first issue on appeal challenges the district court's decision to enter summary judgment in Plaintiff's favor on his quiet title, ejectment, and breach of contract claims. Before we proceed to the merits of the district court's ruling, we must first address a procedural question arising from Defendant's failure to respond to the motion. In its order granting the motion, the district court noted that Defendant's failure to respond to Plaintiff's motion amounted to an admission of Plaintiff's

7

statement of material facts. In our calendar notice, we asked the parties to "address the application of *Atherton v. Gopin*, 2015-NMCA-003, 340 P.3d 630, *cert. granted*, [2014]-NMCERT-[012, 344 P.3d 988] to the district court's ruling that Defendant's failure to timely respond to Plaintiff's motion for summary judgment amounts to an admission of the facts [set out in the motion] and the effect that this ruling had on the district court's ultimate findings and conclusions."

{13}    Defendant's brief in chief does not squarely address this question, and instead argues that the district court "granted [Plaintiff's motion for] summary judgment based upon the belief that [Defendant's] failure to respond timely constituted consent to grant the motion." Defendant's recharacterization of the issue in this manner is understandable: In *Atherton* we held that a district court may not grant a motion for summary judgment as unopposed based solely on a party's failure to respond to the motion. *Id.* ¶ 24. Instead, " 'the district court must assess despite the lack of a response whether, on the merits, the moving party satisfied the burden under Rule 1-056(C)' " of establishing that there is no genuine dispute as to any fact material to the claim on which summary judgment is sought. *Atherton*, 2015-NMCA-003, ¶ 24 (alteration omitted) (quoting *Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 18, 134 N.M. 207, 75 P.3d 423).

{14}    Here, however, the district court did not conclude that Defendant's failure to

8

respond to Plaintiff's motion amounted to a consent to the granting of the motion. Instead, the district court concluded that Defendant's failure to respond amounted to an admission of Plaintiff's statement of undisputed material facts. This conclusion is supported by Rule 1-056(D)(2), which provides that "[a]ll material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted." If a nonmoving party's failure in his or her response to challenge a statement of material fact in a motion for summary judgment amounts to an admission of the fact, it stands to reason that a failure to file a response altogether should have the same effect.

{15}     This is not to say that a district court *must* take the facts set out in a motion for summary judgment as admitted when no response is filed and ignore any tardy attempt by the nonmoving party to put material facts into dispute. Here, however, unlike *Atherton* and *Lujan*, Defendant never sought leave to file a response out of time, nor did Defendant submit a motion to reconsider after the court granted Plaintiff's motion. *See Atherton*, 2015-NMCA-003, ¶ 8; *Lujan*, 2003-NMCA-104, ¶ 6. We will not find an abuse of discretion where a party never asked for the district court to exercise its discretion in the first place. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"). Accordingly, we limit our review of the district court's order granting

9

Plaintiff's motion for summary judgment to whether the motion and any evidence Plaintiff submitted in support thereof "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 1-056(C).

{16} Turning to this question, Defendant raises two arguments that Plaintiff's motion did not make out a prima facie case for summary judgment on Plaintiff's quiet title, ejectment, and breach of contract claims. First, Defendant contends that the agreement between Plaintiff and Valles partitioning Green's property "was a nullity for a lack of a legal description of which part of the Green Tract each party was acquiring." Second, Defendant argues that the district court's conclusion that Plaintiff had acquired title to the property at issue through adverse possession was in error because the evidence Plaintiff provided in support of his motion for summary judgment did not establish that he held title to the land in question under color of title and had paid *ad valorem* taxes on the property during the period of adverse possession. *See* NMSA 1978, § 37-1-22 (1973) (setting out elements of adverse possession including that the adverse possession be "commenced and continued under a color of title and claim of right inconsistent with and hostile to the claim of another" and requiring the person claiming adverse possession to "have for the period mentioned in this section continuously paid all the taxes, state, county and municipal, which during that period

10

have been assessed against the property”).

**1.      The Record Supports a Finding That Plaintiff Held the Land in Question Under Color of Title**

{17}      Section 37-1-22 provides that a person may obtain title to property through “adverse possession continuously and in good faith under color of title for ten years.” The possession must be “ ‘actual, visible, exclusive, hostile[,] and continuous.’ ” *Polaco v. Prudencio*, 2010-NMCA-073, ¶ 15, 148 N.M. 872, 242 P.3d 439 (quoting *Bd. of Trs. of Tecolote Land Grant v. Griego*, 2005-NMCA-007, ¶ 9, 136 N.M. 688, 104 P.3d 554). Section 37-1-22 further provides that “in no case must adverse possession be considered established within the meaning of the law, unless the party claiming adverse possession, his predecessors or grantors, have for the period mentioned in this section continuously paid all the taxes, state, county and municipal, which during that period have been assessed against the property.” (Internal quotation marks omitted.)

{18}      Defendant first argues that the district court’s order granting Plaintiff’s motion for summary judgment should be reversed because the district court failed to make a finding that Plaintiff possessed the land in question under color of title. But we can affirm if the evidence supports a finding that Plaintiff held the property in question under color of title, so long as it is not unfair to the appellant to do so. *See B.T.U. Block & Concrete, Inc. v. Ortega*, No. 32,092, mem. op. ¶ 6 (N.M. Ct. App. May 19,

11

2014) (non-precedential) (evaluating the merits of the district court's ultimate finding that a party had obtained title by adverse possession despite the district court's failure to make necessary findings of fact); *see also Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 18, 146 N.M. 256, 208 P.3d 901 ("[I]t is established law that our appellate courts will affirm a district court's decision if it is right for any reason, so long as the circumstances do not make it unfair to the appellant to affirm."). Because Defendant argues on appeal whether the deed was sufficient to give Plaintiff color of title over the property in question, it would not be unfair to affirm on this basis. So we address the issue on the merits instead of remanding for the district court to make a finding of fact as to whether Plaintiff held the property in question under color of title.

{19} Relying on *In re Estate of Duran*, 2003-NMSC-008, 133 N.M. 553, 66 P.3d 326, Defendant argues that the deed conveying the property as a whole to Plaintiff and Valles was insufficient to establish that Plaintiff possessed the property in question under color of title against his cotenant because as Defendant states, *In re Estate of Duran* requires a cotenant to establish adverse possession against another cotenant [with] a heightened quantum of proof. But *In re Estate of Duran* is distinguishable on its facts. There, the party sought to obtain title to an entire estate against cotenants. 2003-NMSC-008, ¶¶ 2-5. In such a circumstance, the Court noted the "color of title" requirement of adverse possession "operates in a way that is even more restrictive for

a claimant who is a cotenant . . . because it is unlikely that one who already has legal title to an interest in property as a cotenant would be able to acquire title to the property as a whole from some outside source." *Id.* ¶ 31. Here, Plaintiff did not seek to obtain title through adverse possession to the entire tract of land that he and Valles held as tenants in common; rather, he asserted that he had obtained through adverse possession the property at issue through the agreement dividing the land between the two cotenants.

{20}     To be sure,

> [w]here possession is consistent with the rights of owners of record title, nothing but clear, unequivocal and notorious disclaimer and disavowal will render it adverse. There must be something which amounts to an ouster, either actual notice or acts and conduct that will clearly indicate that the original permissive use has changed to one of an adverse character.

*Id.* ¶ 10 (internal quotation marks and citation omitted). But Defendant does not dispute the evidence showing that Plaintiff and Valles exercised exclusive control over discrete portions of the tract they had purchased from Green after they agreed to divide the property, which tends to show that Plaintiff exercised exclusive control over the property at issue for at least ten years. So we are in no position to evaluate whether an agreement between cotenants to divide the property which does not describe the precise dimensions of the division standing alone is sufficient to work a partition or satisfy the adversity requirement. *See Hagopian v. Saad*, 199 A. 433, 434

13

(Conn. 1938) ("[Adversity] is satisfied by the execution by [the cotenants] of the original agreement and by their continued acquiescence in the resulting occupation."); *see also In re Estate of Duran*, 2003-NMSC-008, ¶ 12 ("We have said that property may be partitioned by an agreement of the cotenants, orally or otherwise, so long as all of the cotenants have the capacity to contract."). The most that Defendant offers on this point is an unsupported assertion that the agreement between Plaintiff and Valles "was a nullity for a lack of a legal description of which part of the Green Tract each party was acquiring." We have no occasion to consider whether this assertion is correct because Defendant cites no legal authority in support of the contention. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("[W]here arguments in briefs are unsupported by cited authority, [we assume that] counsel[,] after diligent search, was unable to find any supporting authority.").

**2.      There Was Sufficient Evidence in the Record to Support the District Court's Finding That Plaintiff Had Paid *Ad Valorem* Taxes Throughout the Ten-Year Statutory Period of Adverse Possession**

{21}      Defendant next argues that summary judgment was improper because Plaintiff did not submit any evidence that would allow the district court to conclude that Plaintiff had paid *ad valorem* taxes on the property he claimed title to through adverse possession, as Section 37-1-22 requires. But Plaintiff's affidavit in support of his motion for summary judgment states that he paid his share of the property taxes on his

14

parcel throughout the period of adverse possession. Moreover, Plaintiff attached tax receipts for the property in question covering the years 1991 through 2009 to his affidavit. Defendant does not explain why Plaintiff's affidavit or the tax receipts submitted in support are insufficient to make a prima facie case for summary judgment on that issue, thereby shifting the burden to Defendant to submit evidence that Plaintiff had not in fact paid taxes on the property. *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("Upon the movant making a prima facie showing [that he is entitled to summary judgment], the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits."). Accordingly, we reject this argument summarily.

{22} Having rejected both of Defendant's arguments challenging the district court's grant of summary judgment to Plaintiff on the issue of his ownership of the property in question, we affirm the district court on this issue.

**B. Defendant Failed to Preserve His Argument That as a Good Faith Purchaser He Was Not Liable to Plaintiff for Rent**

{23} Defendant contends there is substantial evidence in the record that he purchased Valles's heirs' interest in the land Valles and Plaintiff had purchased from Green, and that he remained on Plaintiff's property based on his reliance in good faith on Valles's heirs' representation that they owned the property in question. Defendant contends that under NMSA 1978, Section 14-9-3 (1990), he is not liable for rent on the property

15

as a "purchaser of real property . . . who has invested money in the property without notice of a third party's unrecorded interest in the property." Initially, we note that Defendant does not dispute that he agreed to lease the property in question from Plaintiff, so even taking Defendant's understanding of the law as correct we would find it difficult to accept that Defendant did not have notice of Plaintiff's interest. But in any event, Defendant never raised this argument before the district court, and has therefore forfeited the issue on appeal. *See* Rule 12-216(A). Defendant responds that we should consider the issue preserved because the district court's decision not to allow closing arguments prevented Defendant from raising the issue. *See* Rule 12-216(A) (stating that "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party"). But Defendant had ample opportunity to argue this issue: the parties both submitted proposed findings of fact and conclusions of law prior to the bench trial, and Defendant made no mention of the issue in his submissions there or elsewhere. Accordingly, Defendant failed to preserve the issue for review on appeal. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court.").

**C. Defendant Failed to Preserve His Argument That the District Court Should Reduce Any Rent Owed by Defendant to Plaintiff by the Amount**

**Plaintiff Received From Leasing the Property After the Lease Expired**

{24}    In his third issue on appeal, Defendant argues that the district court ought to have reduced its award of damages by the amount of rent that Plaintiff received from leasing the part of his property that Defendant did not continue to occupy beyond the lease term to a different tenant. Defendant claims that he preserved this argument in his answer to Plaintiff's amended complaint, but we see no mention there or anywhere else in the record that Defendant made this argument to the district court. Accordingly, it was not preserved for review on appeal.

**D.    Defendant Failed to Preserve His Argument That the District Court Should Reduce the Rent Owed by Defendant to Plaintiff by the Portion of the Property Defendant Ceased Occupying When the Lease Expired**

{25}    Defendant raises a related argument that because he only continued to occupy a small portion of Plaintiff's property after the lease expired, the district court ought to have reduced its award of damages correspondingly. Defendant maintains that we should deem this issue preserved because the district court's decision not to allow closing arguments at the end of the bench trial precluded him from invoking the district court's ruling on this issue But like Defendant's second issue on appeal, Defendant had other opportunities to raise the issue, either before or during trial. Accordingly, the issue was not preserved and we decline to review it on appeal.

**IV.    CONCLUSION**

{26} The district court's order granting Plaintiff's motion for summary judgment in part is affirmed. The district court's award of damages after a bench trial is also affirmed.

{27} **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**