This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO (HSD)**
**and CRYSOL HUFFMAN,**

Petitioners-Appellees

v.                                                                     **No. A-1-CA-36998**

**NIGEL LACHEY, a/k/a**
**JOSHUA HUFFMAN,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jane C. Levy, District Judge**

Crysol Huffman
Rio Rancho, NM

Pro Se Appellee

Nigel Lachey
Las Vegas, NV

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Respondent Nigel Lachey is appealing from a district court order denying two motions that sought to modify child support. [RP 229, 235] We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition. Not persuaded, we affirm the district court.

{2}     Respondent continues to argue that the district court should have modified his child support. New Mexico case law only allows modification of child support to be retroactive to the date of the petition for modification. *See Montoya v. Montoya*, 1980-NMSC-122, ¶ 2, 95 N.M. 189, 619 P.2d 1233 (directing that the applicable date for retroactive modification is the date of the filing of a petition, application, or pleading); *see also Leeder v. Leeder*, 1994-NMCA-105, ¶ 26, 118 N.M. 603, 884 P.2d 494 (stating that "modifications of child support cannot be effective before the date of the pleading seeking increased or decreased support"). In this case Respondent's motions were filed on October 24, 2017. [RP 211, 217] Respondent was no longer obligated to pay ongoing child support, because Child had already reached eighteen-years-old. [RP 56, 60] *See* NMSA 1978, § 40-4-7(B)(3)(b) (1997). As such, we construe Respondent's motions to be directed to the arrearage.

{3}     Parents can agree to waive child support arrears. *Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶¶ 4, 13, 20, 136 N.M. 693, 104 P.3d 559. However, in this case, the State has an independent interest in the arrears, and there is no indication that it has

2

released Respondent from his obligation to pay. To the extent that Respondent believes that the State waived support from the date a driver's license was issued, we will not bar the State from independently maintaining the child support obligation under these facts. *Wisznia v. Human Servs. Dep't*, 1998-NMSC-011, ¶ 17, 125 N.M. 140, 958 P.2d 98 (stating that estoppel will not be applied against a state governmental entity unless "there is a shocking degree of aggravated and overreaching conduct or . . . right and justice demand it.").

{4}     In addition, even if the State was not a party, Respondent has not indicated that Petitioner Crysol Hoffman agreed to any waiver. To the extent that Respondent believes that the party's conduct over time should have resulted in a change in the amount of his obligation, these allegations should have been raised in an attempt to modify before the arrearage accrued. Finally, with respect to Respondent's assertions relating to a delay in receiving the hearing officer's report, this Court is not a fact-finding court, and these claims would have had to have been addressed by the district court.

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

3

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**HENRY M. BOHNHOFF, Judge**